NOT FOR PUBLICATION OR CITATION

Eastern District of Kentucky
FILED
SEP 2 3 2005
AT LEXINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON

CIVIL ACTION NO. 05-CV-314-JMH

BRYAN DAVENPORT                                                          PLAINTIFF

VS:             **MEMORANDUM OPINION AND ORDER**

CLARK COUNTY DETENTION CENTER, ET AL.                    DEFENDANTS

Bryan Davenport, an individual presently confined in Pineville, Kentucky, has filed a *pro se* civil rights complaint under 48U.S.C. §1983, together with a motion to proceed *in forma pauperis*. The motion will be granted by separate order.

The complaint is now before the Court for initial screening. 28 U.S.C. §§1915(e) and 1915A(b); *McGore v. Wrigglesworth*, 114 F.3d 601, 607-8 (6th Cir. 1997).

### CLAIMS

The plaintiff claims that the defendants denied him proper medical treatment, in violation of the Eighth Amendment prohibition against cruel and unusual punishment.

### NAMED DEFENDANTS

As defendants, the plaintiff has named (1) the Clark County Detention Center; (2) the Jailer at the Clark County Detention Center; and (3) the Winchester, Kentucky, Police Department. He also states that there are Jane and John Doe defendants, and he specifies that all of the named defendants are sued in their individual and official capacities.

### RELIEF REQUESTED

The plaintiff seeks damages and a permanent injunction.

## FACTUAL ALLEGATIONS

The following is a summary or construction of the factual allegations presented by the plaintiff.

The plaintiff alleges that in November of 2002, he was assaulted by another person such that he suffered injuries to his head. When the Winchester Police arrived at the scene of the altercation, Plaintiff Davenport was bleeding profusely from the head wounds, but they refused to give him any medical attention. He was transported to the Clark County Detention Center, where he was placed in the drunk tank and suffered there for more than 8 hours without medical attention.

Claiming that he has had "frequent head aches ever since the incident occurred," the plaintiff filed the instant action on July 27, 2005. He claims that the defendants were deliberately indifferent to his need for medical care, and he cites several Eighth Amendment cases, including *Estelle v. Gamble*, 429 U.S. 97, 104 (1976).

## DISCUSSION

Before considering the merits of the claims made herein, the Court must begin with an examination of certain pre-conditions which the prisoner-plaintiff must meet in order to be properly before the federal court.

The United States Congress has decreed that prisoners complaining of conditions in custody must avail themselves of administrative remedies prior to initiating a lawsuit. 42 U.S.C. §1997e(a); *Porter v. Nussle*, 534 U.S. 516, 532 (2002); *Booth v. Churner*, 532 U.S. 731, 741 (2001). The Sixth Circuit has consistently insisted on compliance and a clear demonstration of compliance with the statute at the time of filing. *See Wright v. Morris*, 111 F.3d 414 (6th Cir. 1997), *cert. denied*, 522 U.S. 906 (1997).

2

The exhaustion requirement is not a mere formality. As a practical matter, this means that a plaintiff must either attach copies of the documents from the administrative process or describe the administrative steps he took and responses he received in the process, with particularity. *Brown v. Toombs*, 215 F.3d 640, 642 (6th Cir.), *cert. denied*, 117 S. Ct. 88 (1998); *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000). Unless the record demonstrates that the requirements of §1997e(a) have been met, a district court must dismiss the lawsuit without prejudice. *Id.*

The Sixth Circuit has repeatedly underscored the underlying reasons for exhaustion, explaining that it is a statutory requirement and that "the importance of using the prison grievance process [is] to alert prison officials to problems." *Freeman v. Francis*, 196 F.3d 641, 644 (6th Cir. 1999); *see also Curry v. Scott*, 249 F.3d 493, 505 (6th Cir. 2001); *Hartsfield v. Vidor*, 199 F.3d 305, 308-09 (6th Cir. 1999).

In the case *sub judice*, Bryan Davenport has written, "Plaintiff did complain to these authorities involved about his need for medical care, his complaint's [sic] fell on deaf ears and no formal grievance policy was made available to plaintiff." The statute, as it is regularly interpreted by these courts, requires more than such a blanket statement, however. It must be remembered that one of the reasons for the requirement that administrative remedies be exhausted is to prepare a record for the court. *See Brice v. Day*, 604 F.2d 664 (10th Cir.), *cert. denied*, 444 U.S. 1086 (1980). The instant plaintiff has not assisted the Court by providing a record. He has also not helped himself. His complaint must be dismissed, without prejudice.

The Court finds a second fatal flaw which prevents the instant complaint's going forward. The applicable statute of limitations had run by the time the plaintiff filed the complaint. The state statute of limitations for personal injuries governs claims under the federal Constitution and 42

3

U.S.C. §1983. *Wilson v. Garcia*, 471 U.S. 261 (1985); *Frisby v. Board of Education of Boyle County*, Ky. App., 707 S.W.2d 359, 361 (1986).

In Kentucky, a personal injury claim must be brought within one year after the cause of action accrues. K.R.S. 413.140; *see also University of Kentucky Bd. of Trustees v. Hayse*, 782 S.W.2d 609 (Ky. 1989), *cert. denied*, 497 U.S. 1025 (1989) and 498 U.S. 938 (1990). Therefore, the statute of limitations which this Court must apply for civil rights actions arising in Kentucky is one year. *Cox v. Treadway*, 75 F.3d 230, 240 (6th Cir. 1996) (citing *Collard v. Kentucky Board of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990)) (§1983 actions in Kentucky are limited by the one-year statute of limitations found in §413.140(1)(a)).

In the instant case, Plaintiff Davenport alleges a factual pattern which occurred in "November 2002." On an unspecified date during that month, he claims, he was denied medical treatment by the several defendants, beginning with the arrival of the defendant city's policemen, continuing through the plaintiff's transport to the defendant detention center, and lasting 8 hours at the detention center. He knew then that the defendants had ignored his injuries. Yet the plaintiff did not file his lawsuit until July of 2005, more than 2 ½ years later, well past the limitations period.

The court of appeals in this circuit has routinely upheld the dismissal of complaints *sua sponte*, when the claims are clearly barred by the statute of limitations. For example, in *Mercer v. Lexington Fayette Urban County Government*, 52 F.3d 325, 1995 WL 222178 (6th Cir. 1995) (Table, unpublished), the Sixth Circuit found that the District Court for the Eastern District of Kentucky had properly dismissed Mercer's §1983 action as time-barred, pursuant to 28 U.S.C. §1915, because Mercer did not file her lawsuit within one year after her cause of action accrued. *Id.* (citing *See* Ky. Rev. Stat. §413.140(1)(a) and *Collard v. Kentucky Bd. of Nursing*). Such is equally

4

appropriate herein.

## OTHER ISSUES

While this case was undergoing the instant screening, the plaintiff filed a motion for default judgment. The Court will deny the motion on the ground of mootness and also on the ground that the motion is meritless, the defendants never having been served.

Additionally, the Court will put the plaintiff on notice of the dangers of filing frequent actions which do not survive the Court's screening. Congress has provided as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. §1915(g).

Six weeks prior to the filing of the instant action, on June 6, 2005, Plaintiff Davenport initiated another civil rights action in this Court, *Davenport v. Corrections Corporation of America*, Ashland No. 05-CV-086-HRW, the plaintiff complaining therein of a variety of events occurring at another penal facility in 2004. After screening, by Order of July 20, 2005, the Court dismissed that action, *sua sponte*, for his failure to state claims upon which the Court may grant relief and for failure to exhaust his administrative remedies. Clearly, the instant plaintiff, as of today has, on at least two occasions while incarcerated or detained in a facility, brought actions that were dismissed on a ground listed in the statute.

Therefore, the plaintiff shall be put on notice that because the instant action will be dismissed for failure to state a claim, pursuant to 28 U.S.C. §1915(e), he may file only one more such action

5

or he will be forever barred by 28 U.S.C. §1915(g), unless under imminent danger of serious physical injury.

## CONCLUSION

Accordingly, the Court being advised, **IT IS HEREBY ORDERED** as follows:

(1)  Plaintiff Davenport's motion for a default judgment [Record No. 4] is **DENIED**;

(2)  the plaintiff is on notice hereafter of the terms of 28 U.S.C. §1915(g) and the fact that this Court has found that he has now had two of the three permissible strikes permitted him; and

(3)  this action will be **DISMISSED**, *sua sponte,* from the docket of the Court and Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the defendants.

This the 23rd day of September, 2005.

JOSEPH M. HOOD, CHIEF JUDGE

Date of Entry and Service: